STATE of Iowa, Appellee,

v.

Clayton Eugene WORLEY, Appellant.

No. 64629.

Supreme Court of Iowa.

Oct. 15, 1980.

John D. Hudson of Carney, Hudson, Williams & Green, Des Moines, for appellant.

Thomas J. Miller, Atty. Gen., Lona J. Hansen, Asst. Atty. Gen., and Dan L. Johnston, Polk County Atty., for appellee.

Considered by REYNOLDSON, C. J., and LeGRAND, UHLENHOPP, McGIVERIN and SCHULTZ, JJ.

McGIVERIN, Justice.

In connection with a plea bargain, defendant Clayton Eugene Worley pleaded guilty on January 11, 1980, to operating a motor vehicle while under the influence of an alcoholic beverage (OMVUI), fifth offense, in violation of section 321.281, The Code 1979, in exchange for the State dismissing a charge of OMVUI, sixth offense, as well as four traffic offenses. The court sentenced Worley to confinement for not to exceed five years for this class "D" felony. *Id.*, §§ 902.3, .9(4), The Code. The main issue on appeal is whether the court properly informed Worley of the nature of the charge and determined he understood it, as required by Iowa R.Crim.P. 8(2)(b)(1), before accepting the guilty plea. We affirm the conviction because we conclude there was substantial compliance with rule 8(2)(b)(1). However, we remand for resentencing because the court did not state the reasons for the sentence as required by Iowa R.Crim.P. 22(3)(d).

I. *Preservation of error.* Initially we must decide whether Worley's challenge to the guilty plea proceedings may be asserted here. Under amended Iowa R.Crim.P. 23(3)(a) a defendant must challenge the adequacy of a guilty plea proceeding by motion in arrest of judgment in the trial court or else be precluded from asserting such challenge on appeal. This requirement was adopted in 1978, 1978 Session, 67th G.A., ch. 1208, and became effective on July 1, 1979. 1979 Session, 68th G.A., ch. 143, § 2. The alleged offense and Worley's guilty plea proceeding occurred after July 1, 1979. Therefore, the amended rule applied to Worley. It is clear that Worley failed to move in arrest of judgment and therefore the rule would seem to preclude our review of the proceedings.

Despite Worley's failure to move in arrest of judgment, we conclude that his challenge to the plea proceedings is properly before us. Rule 23(3)(a) must be read in conjunction with Iowa R.Crim.P. 8(2)(d). Rule 8(2)(d) states that "[t]he court shall inform the defendant that any challenges to a plea of guilty based on alleged defects in the plea proceedings must be raised in a motion in arrest of judgment and that failure to so raise such challenges shall preclude the right to assert them on appeal." Here Worley's counsel, not the court as required by rule 8(2)(d), told Worley during the plea proceedings that he could file a motion in arrest of judgment. The record does not show that anyone told Worley that if he failed to move in arrest of judgment, he could not challenge the plea proceedings on appeal.

Taken together, rules 8(2)(d) and 23(3)(a) serve the admirable purpose of allowing the trial court to correct defects in guilty plea proceedings before an appeal and as a result reduce the number of appeals. No defendant, however, should suffer the sanction of rule 23(3)(a) unless the court has complied with rule 8(2)(d) during the plea proceedings by telling the defendant that he must raise challenges to the plea proceeding in a motion in arrest of judgment and that failure to do so precludes challenging the proceeding on appeal. Where the trial court informs the defendant of this procedural requirement, we will not hesitate to preclude challenges to plea proceedings on appeal. *See State v. Spence*, 282 N.W.2d 131, 132 (Iowa 1979) (defendant's failure to follow judicially imposed requirement that challenge to plea proceedings first be made by motion in arrest of judgment precludes appeal where district court informed defendant of the requirement). But where, as in Worley's case, the court fails to personally inform the defendant that he may file a motion in arrest of judgment *and* the consequences of failing to do so, rule 23(3)(a) does not preclude our review. *Cf. State v. Marti*, 290 N.W.2d 570, 589 (Iowa 1980) (where defendant had no opportunity to preserve error, it is not fair to hold that he waived it); *Manley v. State*, 278 N.W.2d 1, 3 (Iowa 1979) (appeal allowed on fairness basis despite failure to comply with judicially imposed requirement of a motion in arrest of judgment).

We therefore consider the issues raised by defendant.

■ II. *Explanation of the nature of the charge.* The proper procedure for taking a guilty plea is set forth in Iowa R.Crim.P. 8(2)(b). That rule requires the trial court to personally address the defendant and cover enumerated subjects before accepting the plea. Worley says the trial court failed to inform him of, and determine that he understood, the "nature of the charge" to which he was pleading. Iowa R.Crim.P. 8(2)(b)(1). In reviewing this contention, we examine the record to determine if the court substantially complied with rule 8(2)(b)(1), *State v. Fluhr*, 287 N.W.2d 857, 864 (Iowa 1980), and conclude that it did.

■ In personally addressing a defendant, the rule does not require any particular form of explanation of the charge. *Fluhr*, 287 N.W.2d at 863 n.2. The complexity of the charge and the circumstances of each case determine the extent of dialogue necessary to explain the charge. Here the court kept its explanation of the charge to a minimum. The record discloses the following at the guilty plea proceeding:

MISS MASTERPOLE (defense counsel): Comes now the defendant, Your Honor, and requests permission of this Court to withdraw his former plea of not guilty and to enter a plea of guilty of Operating a Motor Vehicle While Under the Influence of an Alcoholic Beverage, fifth offense.

I have spoken with my client and I have reviewed with him his constitutional rights.

I have also told him it would be necessary for him to tell you that he was operating his motor vehicle while he was under the influence of an alcoholic beverage at the time of his arrest and that he is the same person who has on four previous occasions been convicted of this offense, and I believe that he's prepared to talk with you about those matters now, Your Honor.

THE COURT: Very well. You are Clayton Eugene Worley?

THE DEFENDANT: Yes, sir.

THE COURT: Mr. Worley, the elements of operating a motor vehicle or a vehicle while under the influence of an alcoholic beverage have been explained to you before so you know what it consists of?

THE DEFENDANT: Uh-huh.

■ Worley contends that the court incorrectly relied on counsel's prior explanation of the charge to Worley and did not personally address the defendant to explain the charge. This contention is based on the assumption that when the trial court asked if the elements had been explained "before," the court was referring to an explanation by counsel and not previous judges who had accepted Worley's guilty pleas. It is true that a trial court may no longer rely on counsel's assurances that the defendant knows and understands the nature of the charge. Rule 8(2)(b) requires at least some personal address by the trial court. *Fluhr*, 287 N.W.2d at 860. We conclude that the court's explanation in this case was sufficient. Where the charge is operating a motor vehicle while under the influence of an alcoholic beverage, the name of the offense itself is sufficiently descriptive to satisfy rule 8(2)(b)(1). *See Brainard v. State*, 222 N.W.2d 711, 714 (Iowa 1974). Secondly, this offense does not have any element of criminal intent. Where the State must prove an element of intent, a court must be certain that the defendant, before pleading guilty, understands that element. *Fluhr*, 287 N.W.2d at 866. Finally, the circumstances of this case indicate that the trial court did not need to engage in an extended discussion with Worley on the elements of OMVUI. *See Brainard*, 222 N.W.2d at 714.

Besides explaining the nature of the charge, rule 8 also requires that the court establish on the record that the defendant understands the charge. The court made this record. First, the court asked Worley if he understood the charge. Then Worley related the facts of his case to the elements of the offense in the following manner:

THE COURT: Tell me in your own words what you did.

THE DEFENDANT: Well, they was investigating a CB theft and hunting for a red motorcycle and I had a red motorcycle and I pulled up and there I was.

THE COURT: Were you under the influence?

THE DEFENDANT: Well, they said I was and I guess I was.

THE COURT: You think you were?

THE DEFENDANT: According to law, yes. According to my way I wasn't but I realize what my blood test said and everything.

THE COURT: They did take a blood test?

THE DEFENDANT: Yes.

THE COURT: And the blood test showed what?

THE DEFENDANT: About a hundred seventy-seven. I only had three beers but I had had them within an hour's time.

THE COURT: You were operating your motor vehicle in that condition, is that true?

THE DEFENDANT: Yes.

THE COURT: And that this was in the City of Des Moines, Polk County, Iowa?

THE DEFENDANT: Yes. It was out on Northeast Fourteenth.

THE COURT: And you are the same Clayton Eugene Worley who has been convicted on four previous occasions of this same offense, is that correct?

THE DEFENDANT: Yes.

 We conclude there was substantial compliance with rule 8(2)(b)(1) by the trial court in informing defendant of the nature of the charge and determining that he understood it.

 III. *Sentencing.* Worley also challenges his sentencing because the trial court did not state the reasons for selecting the five–year prison term.[1] The State concedes that the court did not comply with Iowa R.Crim.P. 22(3)(d), which requires that "[t]he court shall state on the record its

reason for selecting the particular sentence." Therefore the case must be remanded for resentencing. *State v. Wilson,* 294 N.W.2d 824 (Iowa 1980); *State v. Marti,* 290 N.W.2d 570, 589 (Iowa 1980); *State v. Pierce,* 287 N.W.2d 570, 575 (Iowa 1980).

 Worley also claims that at sentencing he was not given his right to address the court in mitigation of punishment as allowed by Iowa R.Crim.P. 22(3)(d). This matter can be corrected at the sentencing hearing.

Whether specifically addressed, we have considered all contentions of both parties necessary to disposition of the appeal.

The conviction is affirmed; the sentence is vacated; and the case is remanded for resentencing.

AFFIRMED IN PART; SENTENCE VACATED; REMANDED FOR RESENTENCING.

---

1. The sentencing statute, section 902.9(4), The Code, provides:

A class "D" felon, not an habitual offender, shall be confined for no more than five years, and in addition may be sentenced to a fine of not more than one thousand dollars.