**STATE of Iowa, Appellee,**

v.

**Gary Wayne SMITH, Appellant.**

**Nos. 65180, 65181.**

Supreme Court of Iowa.

Jan. 14, 1981.

Stephen A. Hall of Hall, Ewalt & Hall, Indianola, for appellant.

Thomas J. Miller, Atty. Gen., Thomas N. Martin, Asst. Atty. Gen., and John W. Criswell, County Atty., for appellee.

Considered by LeGRAND, P. J., UHLEN-HOPP, McCORMICK, LARSON, and SCHULTZ, JJ.

McCORMICK, Justice.

These consolidated appeals involve challenges to the validity of guilty pleas. We find the pleas were valid but one of the sentences was invalid. Therefore we affirm on one appeal and vacate the sentence and remand for resentencing on the other.

Defendant entered a guilty plea on August 28, 1979, to a charge of theft in the second degree in violation of sections 714.-1(6) and 714.2(2), The Code. The court accepted his plea and fixed sentencing for September 24, 1979. On September 4, 1979, while confined in jail awaiting sentence, defendant allegedly escaped. He was apprehended the next day and was charged with escape in violation of section 719.4(1).

On the morning of September 24, 1979, defendant was sentenced on the theft charge. He was given an indeterminate five-year penitentiary sentence pursuant to sections 902.3 and 902.9(4). On the afternoon of that date he withdrew a not guilty plea to the escape charge, entered a guilty plea which was accepted by the court, waived time for sentencing and was sentenced. The court imposed an indeterminate five-year prison term to begin at the expiration of the theft sentence.

The questions are whether the defendant waived his right to appeal by failing to attack his guilty pleas by motion in arrest of judgment, whether the trial court erred in determining defendant's understanding of the theft charge, whether the court erred in determining his understanding of the escape charge, and whether the court erred in imposing a consecutive sentence on the escape charge.

■ I. *The failure to move in arrest of judgment.* Under Iowa R.Crim.P. 23(3)(a), a defendant must challenge the validity of his guilty plea by motion in arrest of judgment in the trial court in order to preserve error for appeal. However, this requirement does not apply when the record does not show the court advised the defendant of this duty in accordance with Iowa R.Crim.P. 8(2)(d). *State v. Worley,* 297 N.W.2d 368, 370 (Iowa 1980).

Neither plea proceeding shows defendant was given the advice required by rule 8(2)(d). As a result, the State acknowledges that the attack on the theft plea is authorized under *Worley.* In the escape case, however, the State contends defendant waived his right to move in arrest of judgment when he waived time for sentencing. He lost the opportunity to move in arrest of judgment because rule 23(3)(b) requires such motion "not later than five days before the date set for pronouncing judgment." The State asserts defendant thus also lost the right to challenge the plea on appeal. We do not agree.

The record does not show the defendant was advised that by waiving time for sentence he would lose his right to move in arrest of judgment and consequently give up his right on appeal to challenge the validity of his plea. Under *Worley* our review is not precluded by rule 23(3)(a) unless the court has personally informed the defendant "that he may file a motion in arrest of judgment *and* the consequences of failing to do so. . . ." 297 N.W.2d at 370. The mere voluntary waiver of time for sentencing, without more, does not satisfy this requirement.

We conclude that rule 23(3)(a) does not bar the attack on either plea.

■ II. *Defendant's understanding of the theft charge.* Defendant contends the court failed to comply with Iowa R.Crim.P. 8(2)(b)(1) in accepting his guilty plea to the theft charge. He alleges the court did not inform him of and determine that he understood the charge. Insofar as material here, a person is guilty of theft when the person "[m]akes, utters, draws, delivers, or gives any check . . . and obtains property or service in exchange therefor, if the person knows that such check . . . will not be paid when presented." § 714.1(6). Theft of property "exceeding five hundred dollars but not exceeding five thousand dollars in value" is theft in the second degree. § 714.2(2).

In this case the theft charge was based on allegations that between May 2, 1979, and May 20, 1979, defendant uttered eleven false checks in Warren County and received cash or property for them having a value of more than five hundred dollars.

Before accepting defendant's guilty plea, the trial court was required to comply substantially with the mandate of rule 8(2)(b)(1). In doing so, the court was not required to explain each element of the offense if it was apparent in the circumstances the defendant understood the nature of the charge. *See Hoskins v. State*, 246 N.W.2d 266, 268 (Iowa 1976). Nevertheless, if the record shows the court gave misleading or inaccurate advice concerning the nature of the offense, the requisite understanding cannot be found. *State v. Wall*, 239 N.W.2d 548 (Iowa 1976).

Defendant alleges the trial court failed to determine that he understood he was not guilty of the offense unless he knew his checks would not be paid upon presentment to the banks. Defendant's attorney had established on the record defendant's desire to plead guilty based on the fact he wrote one set of checks on an account in which he had insufficient funds and another set on a bank in which he had no account. The court then asked defendant if he understood the State would have to prove he "did not knowingly have an understanding with the bank so that the checks would be honored." Defendant said he understood. Thus the court's inquiry was in the context of establishing defendant's understanding that the State would have to prove he knew the checks would not be paid when they reached the banks. It also tended to show why he knew they would not be paid.

Even though the inquiry did not expressly identify the knowledge element which the State had to prove, we believe the court adequately advised defendant and determined defendant understood the charge would require proof he knew the checks would not be paid when presented.

Much of the colloquy concerned the factual basis for this element. In attacking the validity of the plea, defendant relies in part on conflicting answers he gave concerning his hope that he might obtain money in time to "pick up" the bad checks at one or both of the banks. It was not necessary, however, that the court wring a confession from defendant either to determine his understanding of the charge or to establish a factual basis. *See State v. Hansen*, 221 N.W.2d 274, 276 (Iowa 1974). Those requirements were otherwise satisfied.

As a separate argument, defendant alleges intent to defraud is an element of the offense which was neither explained to or understood by him. Intent to defraud was an element in a false uttering charge under the repealed statute, section 713.3, The Code 1977. *State v. Mullin*, 225 N.W.2d 305, 307 (Iowa 1975). Although it was an express element in the prior statute, comparable language does not appear in the present statute. Theft by check is established under the present statute when something of value is obtained by deception. Check charges are separated from other charges of deception because of the opportunity the alleged offender is given for notice and an opportunity to make restitution. *See* 4 J. Yeager and R. Carlson, *Iowa Practice: Criminal Law and Procedure* § 318 at 82–83 (1979). Deception is established by the obtaining of something of value through the use of a check which

the perpetrator knows is worthless. *See Mullin*, 225 N.W.2d at 307. This guilty knowledge is the mens rea of the offense. Specific intent to defraud is not an essential element.

We find the court did not violate rule 8(2)(b)(1) in accepting defendant's plea of guilty to theft.

III. *Defendant's understanding of the escape offense.* Defendant contends the court also failed to inform him of and determine that he understood the escape charge. The court told defendant the State would be required to prove he escaped while being held in a detention facility on a felony charge. We are satisfied from the colloquy that defendant's understanding of the charge was adequately established. His quarrel appears to be with the accuracy of the charge.

He contends a county jail is not a detention facility within the meaning of section 719.4(1). He also contends escape is not established by merely showing he walked out an open jail door. He argues that his conduct fit subsection three of the statute rather than subsection one. We recently analyzed these provisions in *State v. Burtlow*, 299 N.W.2d 665 (Iowa 1980).

We see no basis for finding a jail is not a detention facility within the meaning of subsection one. The term is not defined in the statute and does not have a technical meaning. We must construe it in accordance with its "context and the approved usage of the language." § 4.1(2), The Code. In doing so, we conclude that a county jail is a detention facility within the meaning of the statute.

Furthermore, we held in *Burtlow* that escape under subsection one connotes an unauthorized departure from physical restraint. *See* 299 N.W.2d at 668. This distinguished an offense under subsection one from an offense under subsection three. An unauthorized departure from jail through an open door is a breach of physical restraint within the meaning of section 719.4(1).

We find the court complied with rule 8(2)(b)(1) in accepting defendant's plea of guilty to escape.

IV. *The consecutive sentence.* Defendant was not under the sentence for theft at the time he escaped from jail. Instead, he was being held for sentencing. He was sentenced for theft and escape on the same date, with the escape sentence to begin at the expiration of the theft sentence.

In imposing a consecutive sentence on the escape charge, the court expressly held the consecutive sentence was mandatory under section 901.8. Under section 901.8, the sentence for a person convicted of escape must be ordered "to begin at the expiration of any existing sentence." In this case the trial court found the sentence for theft was such an existing sentence. However, in *State v. Jones*, 299 N.W.2d 679, (Iowa 1980), we held that by "existing sentence," the legislature meant any sentence the inmate was under at the time he committed an escape. Because defendant had not been sentenced for theft at the time of his escape, the mandatory consecutive sentence provision of section 901.8 was inapplicable. Thus the trial court erred in imposing a consecutive sentence on that basis. We note this error on our own motion because it invalidates the escape sentence.

We vacate the escape sentence and remand for resentencing. The court has discretionary authority, of course, to order the new sentence for escape to be consecutive with the theft sentence. We do not intimate any view concerning how that discretion should be exercised.

AFFIRMED ON ONE APPEAL; SENTENCE VACATED AND REMANDED FOR RESENTENCING ON THE OTHER.