**STATE of Iowa, Appellee,**

v.

**Donald Richard JAMES, Appellant.**

**No. 65191.**

Supreme Court of Iowa.

Sept. 23, 1981.

Russell R. Newell, Columbus Junction, for appellant.

Thomas J. Miller, Atty. Gen., Merle Wilna Fleming, Asst. Atty. Gen., and Jay T. Schweitzer, County Atty., for appellee.

Considered by REYNOLDSON, C. J., and LeGRAND, HARRIS, McCORMICK, and ALLBEE, JJ.

McCORMICK, Justice.

Defendant Donald Richard James appeals from his conviction by jury and sentence for theft in violation of section 714.1(6), The Code. He contends the trial court erred in overruling his motions for acquittal and in overruling an objection to the instructions. We find no error in the rulings on the motions for acquittal, but we agree the court erred in failing to instruct the jury on defendant's theory of defense. Therefore we reverse and remand.

On March 23, 1978, defendant's bank closed his checking account because it was overdrawn and notified him of that fact. It is undisputed that on April 12, 1978, defendant gave a check on that account in the amount of $2008.10 to the Pine Motor Company of Wapello. The amount was the balance due on the purchase of a used Buick. Upon delivery of the check he was given possession of the automobile.

The State's evidence was that the transaction was for cash. The auto salesman acknowledged that defendant told him he would have to discount a contract in order to raise money to cover the check, but the salesman denied that he was asked either to

hold the check or delay presenting it. The salesman mailed a title transfer application to the county treasurer. Pine Motor Company deposited defendant's check on April 18, 1978, and it reached defendant's bank two days later. Because defendant's account was closed, the check was returned to the company unpaid. Subsequently the company repossessed the automobile and made the complaint which resulted in the present action.

Defendant testified he told the auto salesman he did not have sufficient cash to purchase the car. He said he told the salesman he had a $5000 promissory note which he would discount to get the money to pay the balance owed on the car. His testimony included the following:

Q. Did you regard this transaction with Virgil Green on the 12th day of April of 1978 as a credit transaction? A. Yes, I did.

Q. Did you issue that check then in the nature of a note or a promise to pay? A. I issued it to secure them while I went to Ames to get this note discounted and come back with the cash, and Virgil agreed to hold it until the following week until I got back with the cash.

Q. Did you subsequently write Pine Motor Company a letter telling that you were unable at that point to get the note discounted? A. I wrote them a letter, and I told them that I had been unable to get the note discounted, but that I felt I would have it discounted—the money for them very shortly. As a matter of fact, I would have had the thing settled up by now if they hadn't filed the criminal action.

Defendant introduced the treasurer's copy of the certificate of title obtained for defendant by the company. The application was dated April 17, 1978, and defendant's title was issued April 24, 1978. The application and title showed a security interest in Pine Motor Company.

I. *Sufficiency of the evidence.* Defendant contends the court erred in overruling his motions for acquittal based on insufficiency of the evidence. He argues that the State's failure to introduce a certificate of title showing the interest he actually received in the transaction is fatal to its case. He also argues that the evidence as a whole is insufficient to support a jury finding of theft.

The offense under section 714.1(6) is committed when a person "gives any check . . . and obtains property or service in exchange therefor, if the person knows that such check . . . will not be paid when presented." The elements of the charge are accurately delineated in II Iowa State Bar Association Uniform Jury Instructions, Criminal No. 1436 (1978):

1. That on or about the _____ day of _____, 19—, the defendant did make, utter, draw, deliver or give to (victim) a (check, draft, written order) in the amount of $_____.

2. That the (check, draft, written order) was drawn on (e. g. bank).

3. That upon the delivery of the (check, draft, written order) the defendant received property in exchange for it.

4. That the defendant knew, at the time he presented the (check, draft, written order) to (victim) it would not be paid when presented.

This court said in *State v. Smith*, 300 N.W.2d 90, 92 (Iowa 1981): "Theft by check is established under the present statute when something of value is obtained by deception."

Defendant contends the motor vehicle certificate of title law precluded the State from proving he "obtained property" within the meaning of section 714.1(6) except by introducing the certificate of title to show the interest he allegedly acquired. He relies on the provisions of section 321.-45(2) which, with certain exceptions, make a title certificate essential to proving an interest in a motor vehicle. These provisions, however, are not always applicable in the criminal law context. *See State v. TeBockhorst*, 305 N.W.2d 705, 707–08 (Iowa 1981). Moreover, even if they were applicable, defendant introduced the treasurer's copy of the title certificate. It was therefore part of the record to be considered in determin-

ing whether the court erred in overruling his motions for acquittal. *See State v. Holderness*, 293 N.W.2d 226, 229–30 (Iowa 1980).

The main reason defendant's contention is without merit, however, is that it was not necessary for the State to prove he acquired an interest in the automobile in order to prove the theft charge. The State was merely required to prove he "obtained" it. "Obtain" means "[t]o get hold of by effort; to get possession of; to procure; to acquire, in any way." Black's Law Dictionary 972 (5th ed. 1979). A person "obtains property" within the meaning of section 714.1(6) by taking possession of it through any means. Theft involves the wrongful taking of possession of property from a person who is in rightful possession. *See State v. Jackson*, 251 Iowa 537, 542, 101 N.W.2d 731, 734 (1960); *see also Tingue v. State*, 90 Ohio St. 368, 108 N.E. 222 (1914).

■ Each element of the offense was supported by substantial evidence in the present case. The jury was not obliged to accept defendant's version of the transaction. Therefore the trial court did not err in overruling defendant's motions for acquittal alleging the evidence was insufficient for jury submission.

■ II. *The court's instructions.* The court instructed the jury in accordance with the uniform instruction which marshals the elements of the offense. However, defendant made a timely objection to the instructions in which he asserted the jury should be told that if the parties intended the April 12, 1978, transaction to be a credit transaction, the defendant was entitled to acquittal. The court recognized that defendant contended he was entitled to acquittal if the jury found the State failed to prove he obtained the automobile in exchange for a check which the company believed would be honored when presented. In these circumstances, defendant's objection was sufficient to alert the court to his request for an instruction on his theory of defense. *See State v. Tomlinson*, 243 N.W.2d 551, 553 (Iowa 1976).

In refusing to instruct on defendant's theory, the trial court said the defense was covered by the third element of the charge, requiring the State to prove that the defendant received property in exchange for the check. The court thought defendant could adequately argue his theory to the jury under that instruction. However the marshalling instruction did not mention defendant's theory of defense. Even though defendant technically could argue his defense by relating it to the State's duty to prove he received property in exchange for the check, the instruction did not inform the jury of the significance of defendant's contention that the salesman knew the check was worthless when the transaction occurred.

Under defendant's evidence, the salesman knew the check would not be honored when presented. According to defendant, the parties agreed he could take possession of the automobile upon his promise to pay the balance due during the following week. If the jury believed his evidence, it could find the automobile was not exchanged for the check but for his promise to pay the cash balance within a week, "secured" by the check. The conduct of the company in delaying its application for transfer of title and in noting a security interest on the new title tends to corroborate the defense. This theory of defense was not explained in the marshalling instruction. It raised a separate issue which, if legally tenable, should have been explained to the jury. *See State v. Freeman*, 267 N.W.2d 69, 70–71 (Iowa 1978).

The State argues, nevertheless, that defendant's theory does not constitute a defense. In effect, the State alleges that the offense is established merely by showing defendant obtained delivery of the automobile in exchange for the check, even if the check was not to be cashed. This argument is premised upon our holding in *Smith* that intent to defraud is not an element of theft by check under section 714.1(6). *See* 300 N.W.2d at 92–93.

■■ As noted in *Smith*, the gist of the offense under section 714.1(6) is obtaining

something of value through deception. *Id.* at 92. The court said: "Deception is established by the obtaining of something of value through the use of a check which the perpetrator knows is worthless ... This guilty knowledge is the mens rea of the offense." *Id.* at 92–93. As recognized by the trial court in the present case, a person cannot be found to have obtained property "through the use of" a worthless check when the alleged victim knows the check will be worthless when presented. In that event the victim has not been deceived. *See State v. Mullin,* 225 N.W.2d 305, 307 (Iowa 1975) ("It is plain one could not secure money 'by means of' a worthless check if the person or entity cashing the check knew it was of no value.").

Defendant was entitled to an instruction informing the jury that he was entitled to acquittal if the State failed to prove the company exchanged the automobile for a check which it believed would be honored when presented. Because the trial court erred in refusing to instruct on his theory of defense, defendant is entitled to a new trial.

REVERSED AND REMANDED.