# IN THE COURT OF APPEALS OF IOWA

No. 14-0168
Filed April 22, 2015

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**JOSEPH MICHAEL EVENSON,**
        Defendant-Appellant.
_____

Appeal from the Iowa District Court for Cerro Gordo County, Karen R. Salic, District Associate Judge.

A defendant challenges his conviction for eluding, contending the district court should have instructed on specific intent. **AFFIRMED.**

Mark C. Smith, State Appellate Defender, and Shellie L. Knipfer, Assistant Attorney General, for appellant.

Thomas J. Miller, Attorney General, Heather Ann Mapes, Assistant Attorney General, Carlyle D. Dalen, County Attorney, and Rachel Ginbey, Assistant County Attorney, for appellee.

Considered by Vaitheswaran, P.J., and Tabor and Mullins, JJ.

**TABOR, J.**

The question in this appeal is whether the crime of eluding, in violation of Iowa Code section 321.279(1) (2013), is a general or specific intent crime. Joseph Evenson argues he is entitled to a new trial because the district court classified eluding as a general intent crime and instructed the jury accordingly. We are persuaded the district court committed no error and affirm the conviction.

Before analyzing the propriety of the jury instructions, we provide a brief history of Evenson's prosecution. On September 18, 2013, Evenson was driving a friend's car (the friend was a passenger and her young children were riding in the backseat) when he encountered a police officer. The officer knew of an outstanding warrant for Evenson's arrest and followed him. Evenson drove "at a very fast rate of speed," and the officer pursued him with his lights and sirens activated. Evenson eventually jumped from the moving car and left the scene on foot. Officers found a number of controlled substances abandoned on the driver's side floor of the car.

Eluding was one of nine counts originally alleged against Evenson in the trial information. The other counts included child endangerment, possession of a prescription drug without a prescription, possession of morphine, possession of marijuana, possession of methamphetamine, possession of hydrocodone, possession of alprazolam, and possession of hydromorphone. The State dismissed the prescription drug count before the jury trial. The trial ran from January 14 through January 16, 2014.

During the conference on jury instructions, defense counsel asked the court to define specific intent for the jury. Counsel argued that the word "willfully" in the eluding statute indicated it was a specific intent crime. The prosecutor argued eluding was a general intent crime. The district court declined to give the specific intent instruction, explaining the concept of willfulness was "entirely different" from the concept of specific intent and concluding "all of the crimes alleged here are general intent crimes."

The jury returned not-guilty verdicts on all counts with the exception eluding. The court sentenced Evenson to one year in jail on the eluding conviction and imposed a fine of $315.

On appeal, Evenson alleges the district court erred in failing to give the jury an instruction on specific intent to define the term "willfully" in the eluding instruction. We review his allegation for the correction of legal error. *State v. Marin*, 788 N.W.2d 833, 836 (Iowa 2010).

The court provided the following marshalling instruction:

> The State must prove both of the following elements of Eluding:
> 1. On or about the 18th day of September, 2013, the defendant was driving a motor vehicle.
> 2. The defendant willfully failed to bring the motor vehicle to a stop or otherwise eluded a marked official law enforcement vehicle driven by a uniformed peace officer after being given a visual and audible signal to stop.

*See* Iowa Code § 321.279(1).

The court instructed the jury on general intent, as follows:

> To commit a crime, a person must intend to do an act which is against the law. While it is not necessary that a person knows the act is against the law, it is necessary that the person was aware he was doing the act and he did it voluntarily, not by mistake or

accident. You may, but are not required to conclude a person intends the natural results of his acts.

Defense counsel requested an instruction on specific intent. Iowa Criminal Jury Instruction No. 200.2 explains the specific-intent concept as follows:

> "Specific intent" means not only being aware of doing an act and doing it voluntarily, but in addition, doing it with a specific purpose in mind.
> Because determining the defendant's specific intent requires you to decide what [he] [she] was thinking when an act was done, it is seldom capable of direct proof. Therefore, you should consider the facts and circumstances surrounding the act to determine the defendant's specific intent. You may, but are not required to, conclude a person intends the natural results of [his] [her] acts.

According to Evenson's appellate argument, "he did not willfully fail to stop after both the sirens and lights were activated because his failure to stop from the time of the signals was not purposeful." Evenson reviews varying definitions of willfully from Iowa case law and gleans that it has been interpreted to mean deliberate, purposeful, voluntary, or not accidental. *See generally State v. Azneer*, 526 N.W.2d 298, 299 (Iowa 1995). He then concludes "willfully" in the context of the eluding statute means it is a specific intent crime.

Evenson's conclusion that eluding requires proof of specific intent does not flow logically from the case law definitions of willfulness. Whether a crime requires proof of general or specific intent is an inquiry independent of the mens rea required by a criminal statute. *See State v. Keeton*, 710 N.W.2d 531, 533 (Iowa 2006) (citing *In re M.S.*, 896 P.2d 1365, 1383–84 (Cal. 1995) (Mosk, J.,

concurring) ("Indeed, 'specific intent' and 'general intent' do not define criminal mental states.")).[1]

To decide if a crime requires general or specific intent, we read the language of the statute "in the light of its manifest purpose and design." *In re D.S.*, 856 N.W.2d 348, 352 (Iowa 2014) (quoting *State v. Neuzil*, 589 N.W.2d 708, 711 (Iowa 1999)). To assist in distinguishing between crimes requiring general and specific intent, our supreme court sketched out the following guide:

> When the definition of a crime consists of only the description of a particular act, without reference to intent to do a further act or achieve a further consequence, we ask whether the defendant intended to do the prescribed act. This intention is deemed to be a general criminal intent. When the definition refers to defendant's intent to do some further act or achieve some additional consequence, the crime is deemed to be one of specific intent.

*Eggman v. Scurr*, 311 N.W.2d 77, 79 (Iowa 1981) (quoting P. Johnson, *Criminal Law*, 329 (1975)); *see also State v. Buchanan*, 549 N.W.2d 291, 294 (Iowa 1996) (holding statute criminalizing interference with official acts did not require intent to do further act or achieve some additional consequence). Specific-intent crimes designate "a special mental element which is required above and beyond any mental state required with respect to the actus reus of the crime." *Neuzil*, 589 N.W.2d at 711 (quoting *Buchanan*, 549 N.W.2d at 294, and declining to read a specific intent element into the stalking statute).

---

[1] *Keeton* also cited the Model Penal Code § 2.02, at 230 & n.3 (1985) for the proposition that the four categories of culpability (purposely, knowingly, recklessly, and negligently) stood in place of the specific-intent/general-intent dichotomy, "which has been such an abiding source of confusion and ambiguity in the penal law." *Keeton*, 710 N.W.2d at 533.

When we read the language of section 321.279(1) in light of its manifest purpose to protect the motoring public, we find no specific intent element. The State must prove the defendant willfully failed to stop his or her car or otherwise eluded or attempted to elude a marked squad car driven by a uniformed officer after being signaled to stop with lights and sirens. Iowa Code § 321.279(1). The critical act is continuing to drive away or taking evasive action after receiving obvious direction to stop from law enforcement.[2] The statute does not require proof the defendant intended to do some further act or to achieve some additional consequence. *Cf. State v. Francois*, 577 N.W.2d 417, 421 (Iowa 1998) (holding escape or attempt to escape under section 719.4 was a general intent crime despite legislature's use of term intentionally). This conclusion is consistent with our prior unpublished cases discussing the intent element of eluding. *See State v. Pierce*, No. 03-0485, 2004 WL 434048, at *1 (Iowa Ct. App. Mar. 10, 2004) (holding attempting to elude was a general intent crime); *See also State v. Tubbs*, No. 10-0758, 2011 WL 768756, at * 3 (Iowa Ct. App. Mar. 7, 2011) (finding counsel was not ineffective for declining to object to general intent instruction in eluding case).

**AFFIRMED.**

---

[2] Evenson argues he pulled over ten to fifteen seconds after being signaled which was a "reasonable passage of time" and did not necessarily "reflect a willful failure to stop." Whether Evenson voluntarily complied after police activated their lights and sirens was a question for the jury and did not hinge on the absence of a specific-intent instruction.