**IN THE COURT OF APPEALS OF IOWA**

No. 13-0711
Filed August 17, 2016

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**JOHN ARTHUR WILSON,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Polk County, Arthur E. Gamble,

Judge.


        John Wilson appeals judgment and sentence entered upon his plea of

guilty to eluding, in violation of Iowa Code section 321.279(2) (2011).

**AFFIRMED.**



        Angela Campbell of Dickey & Campbell Law Firm, P.L.C., Des Moines, for

appellant.

        Thomas J. Miller, Attorney General, and Louis S. Sloven, Assistant

Attorney General, for appellee.



        Considered by Danilson, C.J., and Vaitheswaran and Tabor, JJ.

**DANILSON, Chief Judge.**

On February 26, 2013, John Wilson signed a written guilty plea in which he avowed:

> To contest this plea I must file a motion in arrest of judgment no later than 45 days after plea and no later than 5 days prior to sentencing.
>
> I did the following to commit this crime: On August 10, 2011, in Polk County, Iowa, I intentionally did not bring my pick up truck to a stop after I was pursued by a marked Des Moines Police vehicle that was driven by a uniformed peace officer. That marked vehicle had lights and siren working at the time it was behind me. At that time, my vehicle traveled over 55 miles per hour in a zone in which the speed limit was 30 miles per hour.

The court accepted the plea on March 5. Sentencing was held on April 24, 2013.

On appeal, Wilson contends the district court should have dismissed this action for a procedural defect in his arraignment. He also contends the court should have granted a motion to disqualify the prosecutor.

"[A]ny challenges to a plea of guilty based on alleged defects in the plea proceedings must be raised in a motion in arrest of judgment and . . . failure to so raise such challenges shall preclude the right to assert them on appeal." Iowa R. Crim. P. 2.8(2)(d). Substantial compliance with rule 2.8(2)(d) is mandatory. *State v. Fisher*, 877 N.W.2d 676, 680 (Iowa 2016). But a court is not required to engage in an in-court colloquy; a written waiver filed by the defendant can be sufficient. *Id.* at 680-81.

"Where the trial court informs the defendant of this procedural requirement, we will not hesitate to preclude challenges to plea proceedings on appeal." *State v. Worley*, 297 N.W.2d 368, 370 (Iowa 1980). Here, the written

guilty plea affirmed that Wilson understood that he could only challenge his guilty plea through a motion in arrest of judgment. He did not do so.

A guilty plea "waives all defenses and objections which are not intrinsic to the plea." *State v. Carroll*, 767 N.W.2d 638, 641 (Iowa 2009). Accordingly, his complaints about the defect in the arraignment proceedings and the disqualification of the prosecutor fail.

We affirm.

**AFFIRMED.**