# IN THE COURT OF APPEALS OF IOWA

No. 16-0437
Filed February 22, 2017

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**CAROL SWEAT a/k/a CAROL ENGLISH,**
        Defendant-Appellant.
_____

Appeal from the Iowa District Court for Polk County, Karen A. Romano (plea and sentencing) and William P. Kelly (revocation), Judges.

A defendant appeals her conviction for neglect of a dependent person and possession of a controlled substance. **AFFIRMED.**

John C. Heinicke of Kragnes & Associates, P.C., Des Moines, for appellant.

Thomas J. Miller, Attorney General, and Kristin Guddall, Assistant Attorney General, for appellee.

Considered by Mullins, P.J., and Bower and McDonald, JJ.

**MCDONALD, Judge.**

Following the revocation of her deferred judgment, Carol Sweat was convicted of two counts of neglect of a dependent person, in violation of Iowa Code section 726.3 (2011), and possession of a controlled substance, methamphetamine, in violation of Iowa Code section 124.401(5). The district court sentenced her to concurrent terms of incarceration not to exceed ten years for the former offenses and a concurrent term of incarceration of one year for the possession offense.

In her first claim of error, Sweat contends her guilty plea to possession of a controlled substance was not knowing and voluntary because the district court did not advise her of all penal consequences of her guilty plea. Specifically, Sweat contends she was not advised of the applicable surcharges and driver's license suspension. *See State v. Fisher*, 877 N.W.2d 676, 680 (Iowa 2016).

Sweat has waived the challenge to her guilty plea. She did not file a motion in arrest of judgment to challenge her guilty plea. A failure to file a motion in arrest of judgment precludes a challenge to the adequacy of the guilty-plea proceeding on appeal where the defendant was advised both of the necessity of filing a motion in arrest of judgment and of the consequences for failing to do so. *See* Iowa R. Crim. P. 2.24(3)(a); *Fisher*, 877 N.W.2d at 680. Here, Sweat was properly advised in the written guilty-plea form and during the plea colloquy. Moreover, the district court explicitly advised Sweat to consult with her counsel if she wished to obtain more information regarding the motion in arrest of judgment. Sweat does not assert any claim her plea counsel was ineffective in failing to file a motion in arrest of judgment. Her challenge to her guilty plea is

thus waived. *See State v. Worley*, 297 N.W.2d 368, 370 (Iowa 1980) ("Where the trial court informs the defendant of this procedural requirement, we will not hesitate to preclude challenges to plea proceedings on appeal.").

In her next claim of error, Sweat contends the district court abused its discretion in sentencing her to a term of incarceration rather than suspending her sentences. She does not challenge the revocation of her deferred judgment.

"When a sentence imposed by a district court falls within the statutory parameters, we presume it is valid and only overturn for an abuse of discretion or reliance on inappropriate factors." *State v. Hopkins*, 860 N.W.2d 550, 554 (Iowa 2015). "An abuse of discretion will only be found when a court acts on grounds clearly untenable or to an extent clearly unreasonable." *Id.* at 553. "We give sentencing decisions by a trial court a strong presumption in their favor." *Id.*

Other than voicing mere disagreement with the sentencing court's decision, Sweat does not identify any abuse of discretion, and we find none. The sentences are authorized by statute. The sentencing court recognized it had the discretion to select among the statutory sentencing options, considered only relevant factors in imposing sentence, and did not consider any impermissible factors in imposing sentence. While the district court did not address each of the claimed mitigating circumstances, the district court was not obligated to do so. *See State v. Siders*, No. 15-1394, 2016 WL 3002784, at *2 (Iowa Ct. App. May 25, 2016). We thus affirm Sweat's sentences. *See, e.g., State v. Smith*, No. 16-0700, 2016 WL 6902854, at *1 (Iowa Ct. App. Nov. 23, 2016) (holding mere disagreement with sentencing decision is insufficient to establish the district court abused its discretion in imposing sentence); *State v. Childs*, No. 14-1950, 2016

WL 1130283, at *1 (Iowa Ct. App. Mar. 23, 2016) (affirming challenge to sentence where defendant merely disagreed with the sentence); *State v. Pena*, No. 15-0988, 2016 WL 1133807, at *1 (Iowa Ct. App. Mar. 23, 2016) (stating "mere disagreement with the sentence imposed, without more, is insufficient to establish an abuse of discretion").

**AFFIRMED.**