CITY OF CEDAR FALLS, Iowa,
Appellee,

v.

Marvin FLETT, Appellant.

No. 67522.

Supreme Court of Iowa.

Feb. 16, 1983.

252

Kjas T. Long of Gottschalk, Shinkle & Long, Cedar Falls, for appellant.

David J. Price, Asst. City Atty., Cedar Falls, for appellee.

Considered by REYNOLDSON, C.J., and HARRIS, LARSON, SCHULTZ, and CARTER, JJ.

SCHULTZ, Justice.

In this appeal we must decide the constitutionality of a municipal ordinance that declares the storage of a "junk vehicle" within the city of Cedar Falls (City) to be a nuisance. We granted defendant, Marvin Flett, discretionary review of his conviction on twenty-three charges of violating the ordinance. We affirm.

The ordinance under attack, Cedar Falls Ordinance No. 1483, Article IV, is entitled "Junk Vehicles." It declares that the storage of certain defined vehicles is a nuisance, provides procedures for abatement of the nuisance, including removal of the vehicle at the owner's expense, and imposes a misdemeanor penalty for a violation of the ordinance. The portion of the ordinance that has been primarily challenged and is thus pertinent to this appeal is contained in section 23–81:

> (b) "Unlicensed" means any vehicle which is not displaying a valid current license as required by the laws of the State of Iowa.

> (c) "Vehicle" . . . shall include without limitation a motor vehicle, automobile, truck, . . . .

> (d) A "junk vehicle" shall mean any unlicensed vehicle stored within the corporate limits of the City of Cedar Falls, Iowa, and which has any one of the following characteristics:

> (1) Any vehicle with a broken or cracked windshield or window or headlight or any other cracked or broken glass.

> (2) Any vehicle with a broken or loose fender, door or bumper or hood or door handle or window handle or steering wheel, trunk top or trunk handle or tailpipe.

> (3) Any vehicle which has become the habitat of rats, mice or snakes, or any other vermin or insects.

> (4) Any vehicle which contains gasoline or any other flammable fuel.

> (5) Any motor vehicle if it lacks an engine or two (2) or more wheels or

other structural parts which renders said motor vehicle totally inoperable. (6) Any other vehicle because of its defective or obsolete condition in any other way constitutes a threat to the public health and safety.

Cedar Falls, IA., Code, Art. IV, § 23–81 (1980).

In its brief before this court, defendant has alluded to a number of issues. We will address the following: (1) that the ordinance is unconstitutional, (2) that the search warrant was not valid, (3) that he is subject to double jeopardy, and (4) that the city failed to show that he is the owner of the junk vehicles. We find that other issues were either raised improperly or have no merit.

Evidently, the defendant and the city have been involved in an ongoing dispute over the storage of vehicles upon defendant's property. Defendant bought the property in 1970, one year before the city annexed the property into the city. The property is now zoned residential.

On October 10, 1980, in an effort to enforce its ordinance, the city sent notices to the defendant to abate a number of junk vehicles. On November 20, the city obtained a search warrant and searched the premises. As a result, twenty-six charges of violating the ordinance were filed against defendant. He was found guilty of all charges in magistrate court and appealed these convictions to the district court.

On October 18, 1981, after defendant's motions to suppress and to dismiss were denied, the case was tried de novo before the district court. Defendant was found guilty on twenty-three charges and was fined thirty-five dollars on each charge, plus court costs. Defendant then requested and was granted discretionary review of these convictions.

I. *Constitutionality of the ordinance.* While defendant raised several constitutional claims, we shall review only those issues that defendant preserved by the pretrial motion to dismiss. Defendant claims that there is improper delegation of judicial powers and that his due process rights were violated because the statute is both irrational and vague. We find merit neither in these claims nor in those claims that we do not discuss.

In exploring the validity of a penal ordinance, we are guided by certain principles. A penal act is interpreted strictly. *State ex rel. Turner v. Koscot Interplanetary, Inc.,* 191 N.W.2d 624, 629 (Iowa 1971). Doubts are resolved in favor of the accused. *State v. Lawr,* 263 N.W.2d 747, 750 (Iowa 1978). Defendant has the burden of proving the ordinance unconstitutional, and must negate every reasonable basis upon which the ordinance may be sustained. *MRM, Inc. v. City of Davenport,* 290 N.W.2d 338, 342 (Iowa 1980).

A. *Improper delegation.* Defendant maintains the ordinance impermissibly delegates judicial powers to the executive department.[1] Section 23–83 of the ordinance places on the police the duty to give notice to the owner of a vehicle that is considered a junk vehicle. This notice informs the owner that the junk vehicle is a nuisance and that he must either remove or repair the vehicle or subject it to removal by the city at the owner's cost. Defendant claims the ordinance places on the police a judicial function, the determination of whether the vehicle is a junk vehicle. It is well established that an executive or administrative officer may not exercise purely judicial authority. We hold, however, that a policeman's initial determination that a vehicle is a junk vehicle is not an exercise of judicial power, but is a proper executive function.

Although the distinction between the executive and judicial powers is often unclear, they do differ. The executive department has the general power to execute and carry out the laws; the judicial depart-

---

1. We assume that defendant is relying on Iowa Constitution article III, section 1 in making this argument.

ment has the power to interpret the constitution and laws, apply them, and decide controversies. *Hutchins v. City of Des Moines,* 176 Iowa 189, 204, 157 N.W. 881, 887 (1916).

■ In executing and enforcing the law it is necessary for the executive department to form judgments and to interpret the law. This may be done without invading the judicial function. In this case the ordinance merely directs the officer to determine whether the vehicle falls under the definition of a junk vehicle. The ordinance directs the officer to apply the ordinance; he is not to decide either the validity of the ordinance or the final liability of the owner of such vehicle. Those decisions, when charges are filed or abatement is challenged, are properly reserved for the courts. The officer, by his act of designating a vehicle to be subject to the nuisance provision of the ordinance, was simply making a necessary preliminary judgment in enforcing the ordinance, rather than a final and binding judicial determination.

■ Defendant also claims that the ordinance does not declare the legislative policy in established standards. Our examination of the ordinance leads us to the conclusion that there is no merit in this assertion. There are definite and intelligible guidelines provided to the police for enforcement of the ordinance.

B. *Due process—rational basis.* Defendant argues that the provisions of the ordinance do not bear a rational relationship to the stated purpose of the statute: the protection of public health and safety. He argues that the stated purpose is a sham and that the real purpose of the ordinance is to enhance real estate values. He maintains that the latter purpose should be effected by zoning or civil nuisance laws, but that it is improper to impose a criminal penalty for violation of this ordinance.

■ A municipality may exercise its police power by adopting ordinances to promote the public welfare, to provide for the safety and comfort of its inhabitants, and to declare and prevent nuisances. *Town of*

*Grundy Center v. Marion,* 231 Iowa 425, 433, 1 N.W.2d 677, 681 (1942). To be constitutional, however, the ordinance must have a definite, rational relationship to the ends sought to be obtained. *MRM, Inc.,* 290 N.W.2d at 343. An ordinance declaring an activity to be a nuisance will be validated if it is reasonable, and voided if it is arbitrary and unreasonable. 1 C. Antieau *Municipal Corporation Law* § 6.09 (1982).

■ The expressed purpose of the ordinance is to protect the public health and safety. We hold that the city could rationally find that unlicensed vehicles in outside storage, with the defects enumerated in section 23–81, could threaten the public health and safety. We agree that such vehicles could attract vermin and rats, or pose an attractive nuisance for children. We also find that the defects specified in the section are rationally related to the protection of the public health and safety.

■ An additional purpose of the ordinance, although unexpressed, may be aesthetic improvement. Defendant urges that it is not reasonable to relate aesthetic considerations to an ordinance that is based on health and safety. We disagree. So long as the ordinance is rationally related to the expressed purpose of protecting the public health and safety, it shall not be invalidated because the governing body has weighed aesthetic considerations. 1 C. Antieau at § 6.03.

■ Moreover, the fact that this ordinance eliminates the hazard posed by unlicensed vehicles with the stated defects, but does not attack licensed vehicles with similar defects, does not make the statute invalid. Legislatures may adopt regulations that only partially ameliorate a perceived evil and they may defer complete elimination of the evil to future regulations when it does not impact on fundamental rights or suspect classifications. *City of New Orleans v. Dukes,* 427 U.S. 297, 305, 96 S.Ct. 2513, 2517–18, 49 L.Ed.2d 511, 518 (1976). Nor is the ordinance irrational simply because it makes an exception for those unlicensed vehicles that are in an enclosed

building or are in an area otherwise regulated by the city. These exceptions are rational; the excepted cars are in areas not easily accessible to vermin or children, or they are in areas which are subject to additional city regulation.

C. *Due process—vagueness.* It is a basic principle of law that an enactment is void for vagueness if its prohibitions are not clearly defined. The law must give a person of ordinary intelligence a reasonable opportunity to know what is prohibited, so that he may act accordingly. Second, laws must provide explicit standards for those who apply them. *Grayned v. City of Rockford,* 408 U.S. 104, 108–09, 92 S.Ct. 2294, 2298–99, 33 L.Ed.2d 222, 227 (1972); *State v. Kueny,* 215 N.W.2d 215, 217 (Iowa 1974).

However, literal exactitude or precision is not necessary. Due process requires no more than a reasonably ascertainable standard of conduct. *United States v. Powell,* 423 U.S. 87, 93–94, 96 S.Ct. 316, 320–21, 46 L.Ed.2d 228, 234–35 (1975). If the statute's meaning is fairly ascertainable by reliance on generally accepted and common meaning of words used, or by reference to the dictionary, related or similar statutes, the common law, or previous judicial constructions, due process is satisfied. *State v. Donner,* 243 N.W.2d 850, 853 (Iowa 1976). If vagueness can be avoided by a reasonable construction, consistent with the statute's purpose and traditional restraints against judicial legislation, the ordinance must be interpreted in that way. *Williams v. Osmundson,* 281 N.W.2d 622, 625 (Iowa 1979); *Knight v. Iowa District Court,* 269 N.W.2d 430, 432 (Iowa 1978).

Defendant finds the terms "junk vehicle" and "inoperative" to be vague. "Junk vehicle" is defined in subsections 23–81(d)(1) to (d)(6). There is no question that subsections (d)(1) to (d)(4) are precise. Subsection (d)(6), the catch-all subsection, is reasonably limited to vehicles which suffer the same type of defects as set forth in subsections (d)(1) to (d)(5).

The word "inoperative" is not found in the ordinance. Subsection (d)(5) does refer to a totally inoperable vehicle, but the meaning of that phrase is reasonably clear: It is a vehicle not fit or desirable to use.

Accordingly, we conclude that the provisions of the statute are not unconstitutionally vague.

II. *Search warrant.* Defendant contends that the city's search of his premises was illegal because the search warrant was invalid. He argues that the magistrate did not have sufficient facts from which to find probable cause to support the issuance of the warrant. He argues, in the alternative, that if there were sufficient facts they were obtained through an initial warrantless and invalid search. Flett also contends that the warrant was far too broad and too general. We disagree with defendant's contentions.

We find that one month before the police officer went to the Flett home to try to talk to defendant, vehicles were inspected and given abatement notices with the particular violations of the city ordinances listed thereon. When the officer went to the house, he could see the vehicles from the road, could see their general condition, and could observe from a substantial distance that those he saw were similar to those given abatement notices the month before. These circumstances, when related to the magistrate, would constitute a substantial basis for the magistrate to conclude there were junk vehicles on the Flett premises. *See Aguilar v. Texas,* 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964).

Nor do we find that the police officer made a warrantless search of the premises. The officer simply went to the door of the home, knocked, and then left the property and applied for a search warrant. As the trial court found, "one can discern a junk yard by visual observation from a substantial distance." The officer did not exceed the restrictions of the fourth amendment.

We also find that the warrant did describe with particularity the place to be searched and the property to be seized.

Having considered all of defendant's arguments not raised for the first time on this appeal, we find no violation of defendant's fourth amendment rights.

■ III. *Double jeopardy.* Defendant contends that he was subjected to double jeopardy and duplicity because he was convicted and sentenced for twenty-three violations of the ordinance as a result of one decision not to remove his cars. He argues that if we allow the city to bring separate charges for each vehicle, we may as well allow a separate charge for each hour, day, and week that he possessed each junk vehicle. We conclude, however, that the city has not filed multiple charges based on a continuing offense; it has found twenty-three different violations. Accordingly, we find no violation of defendant's fifth amendment right to be free from double jeopardy.

The protection against double jeopardy attaches to prevent multiple punishment for the same offense. *State v. Birkestrand,* 239 N.W.2d 353, 363 (Iowa 1976). Thus, the essential inquiry here is whether defendant has been convicted twenty-three times for the same offense, or whether his twenty-three convictions are for twenty-three distinct offenses.

■ In *Birkestrand* we stated that a test for double jeopardy is whether "a conviction and sentence on one charge is a bar to judgment upon another only if the evidence required to support a conviction on one would suffice to warrant a conviction on the other." 239 N.W.2d at 364. A similar test "is whether a conviction on one count and an acquital on another would bring about a contradiction on the face of the verdict." 22 C.J.S. *Criminal Law* § 278.1 (1961).

Although defendant's possession of the vehicles was a single act, the possession of each vehicle is a separate offense because each vehicle has individual defects that require separate evidence to prove each is defective within the ordinance. The success or failure in establishing such proof to a vehicle does not affect the proof offered as to any other vehicle. Accordingly, we conclude that defendant's claims are without merit.

IV. *Ownership.* Defendant moved for a dismissal at the end of the evidence based on a claim that the city failed to submit evidence of ownership of the vehicles.

■ Defendant contends there was no evidence to show that he was the owner of the vehicles. He is correct that there was no direct testimony to prove defendant's ownership. It was shown, however, that defendant had owned, had lived on, and had been assessed for taxes on the real estate upon which the vehicles were found. From this circumstantial evidence, the trial court found that defendant was owner of the junk vehicles.

Often, a title certificate is conclusive evidence of ownership of an interest in a motor vehicle. This is not always true, however. *State v. James,* 310 N.W.2d 197, 199 (Iowa 1981). The concept of ownership of a motor vehicle depends on the circumstances of the dispute.

Ownership is not defined in the ordinance. We thus rely on the general definition of ownership that appears in Black's Law Dictionary 997 (5th ed. 1979):

> Collection of rights to use and enjoy property, including the right to transmit it to others.... The complete dominion, title, or proprietary right in a thing or claim. The entirety of the powers of use and disposal allowed by law.

> The right of one or more persons to possess and use a thing to the exclusion of others. The right by which a thing belongs to some one in particular, to the exclusion of all other persons. The exclusive right of possession, enjoyment, and disposal; involving as an essential attribute the right to control, handle and dispose.

As in *State v. TeBockhorst,* 305 N.W.2d 705 (Iowa 1981), third-party rights are not implicated in the ownership issue and the certificate of title is not conclusive proof of ownership, merely evidence.

258

In civil cases we have recognized that a rebuttable presumption of ownership arises from the possession of property. *Thomas Truck & Caster Co. v. Buffalo Caster and Wheel Corp.,* 210 N.W.2d 532, 535 (Iowa 1973). We need not decide whether in a case involving penal sanctions a presumption of ownership should be applied to change either the burden of proof or the duty to go forward with the evidence; however, possession is at least tangible circumstantial evidence of ownership of the vehicle. *Cf. Iowa City v. Nolan,* 239 N.W.2d 102, 105 (Iowa 1976) (illegal parking ordinance making registered owner of a vehicle prima facie responsible as an operator of vehicle was held constitutional).

The title was not introduced into evidence. However, enough circumstantial evidence was presented to prove ownership of the vehicles beyond a reasonable doubt; thus the finding by the trial court that defendant was the owner of these vehicles is not to be overturned.

An issue not raised at the district court level or on this appeal is whether each vehicle which was allegedly in violation of the ordinance was "required by the laws of this state" to display a valid current license. *See* Iowa Code § 321.18 (1981) ("Every motor vehicle ... *when driven or moved upon a highway* shall be subject to the registration provisions of this chapter...." (emphasis added)). For the purposes of this appeal we assume that the city met its burden of showing that each vehicle was required to display a valid current license.

We conclude that the junk vehicle ordinance is constitutional. We also find that the trial court correctly found that defendant violated the ordinance twenty-three times. Accordingly, we affirm.

AFFIRMED.