STATE of Iowa, Appellant,

v.

Lynn SCHMITZ, Appellee.

No. 98–1863.

Supreme Court of Iowa.

April 26, 2000.

Thomas J. Miller, Attorney General, Martha E. Boesen, Assistant Attorney General, Fred H. McCaw, County Attorney, and Tim Gallagher, Assistant County Attorney, for appellant.

Thomas P. Frerichs and Brandon Adams of Frerichs Law Office, P.C., Waterloo, for appellee.

TERNUS, Justice.

After the defendant, Lynn Schmitz, was convicted of one count of theft in the second degree, the district court dismissed the second and third theft charges filed against Schmitz, ruling that prosecution on these charges would violate the Double Jeopardy Clause. *See* U.S. Const. amend. V. The court concluded that the three charges, all based on the defendant's exercise of control over stolen property, constituted the same offense. *See* Iowa Code

§§ 714.1(4), .2(2) (1995). Under the facts of this case, we disagree. Accordingly, we reverse and remand for trial on the remaining theft charges.

I. *Background Facts and Proceedings.*

On May 10, 1996, law enforcement officers executed a search warrant at the defendant's residence and found multiple items of stolen property. Based on this search, the county attorney filed three separate charges of theft in the second degree against the defendant. *See id.* The statutes providing the basis for these charges prohibit the knowing exercise of control over stolen property having a value in excess of $1,000, but not exceeding $10,-000. *See id.*

The first charge was based upon the defendant's possession of pet supplies, including a fish aquarium, stolen from the Fish Haven Pet Store in Platteville, Wisconsin on October 3, 1995. The second charge was founded on the defendant's possession of a reversible leather Notre Dame jacket stolen from a Fanfare store in a Dubuque shopping mall on November 24, 1994. The third charge was based upon the defendant's possession of four wheels and four tires stolen from a vehicle at Bird Chevrolet in Dubuque on May 4, 1996.

The charges were set for trial on the same day. Upon the defendant's objection to consolidation of the cases, the district court ruled that it would hear the cases back to back, beginning with the pet supplies case. The defendant's attorney informed the court that, upon conclusion of the first case, he would move to dismiss the remaining charges on the basis of double jeopardy. The court indicated it would hear arguments and rule on the double jeopardy claim at the conclusion of the first trial.

The pet supplies case was tried to the court. The court ruled that the State had proved that the defendant exercised control over stolen property—the pet supplies—in violation of Iowa Code section 714.1(4). The court then considered the defendant's motion to dismiss the remaining charges. It concluded that exercising control over stolen property on the same day, in the same location, is one act, irrespective of whether there were different victims. Therefore, the court reasoned, once the defendant was prosecuted on the first charge, jeopardy attached and further prosecution on the remaining charges was barred by the Double Jeopardy Clause. Accordingly, the court dismissed the second and third theft charges against the defendant.

The State has appealed that ruling. Our review of the court's ruling on the defendant's constitutional claim is de novo. *See State v. Spilger,* 508 N.W.2d 650, 651 (Iowa 1993).

II. *Double Jeopardy Principles.*

The Fifth Amendment to the United States Constitution states that no person shall "be subject for the same offense to be twice put in jeopardy of life or limb." U.S. Const. amend. V. This provision, referred to as the Double Jeopardy Clause, affords a defendant three basic protections: " 'It protects against a second prosecution for the same offense after acquittal. It protects against a second prosecution for the same offense after conviction. And it protects against multiple punishments for the same offense.' " *State v. Butler,* 505 N.W.2d 806, 807 (Iowa 1993) (quoting *North Carolina v. Pearce,* 395 U.S. 711, 717, 89 S.Ct. 2072, 2076, 23 L.Ed.2d 656, 664–65 (1969)).

The defendant in this case seeks protection from a second prosecution for the same offense after conviction. It is undisputed that the second and third theft trials would be prosecutions. The determinative question is whether they would constitute prosecutions *for the same offense.*

We have frequently determined whether two offenses charged under *separate* statutory provisions constitute the

same offense for double jeopardy purposes. *See, e.g., State v. Willard,* 568 N.W.2d 813, 813 (Iowa 1997); *State v. Perez,* 563 N.W.2d 625, 626–27 (Iowa 1997); *State v. Aguiar–Corona,* 508 N.W.2d 698, 700 (Iowa 1993). In analyzing this type of double jeopardy claim, we look at the legislature's intent and frequently resort to the *Blockburger* "same-elements" test under which the elements of the two offenses are compared to determine whether one is a lesser-included offense of the other. *See Perez,* 563 N.W.2d at 628 (citing *Blockburger v. United States,* 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932)).

■ Although the defendant relies on the "same-elements" test in arguing that double jeopardy has been violated here, that test is not applicable when the charges being compared arise under the *same* statutory provision. In such cases, the elements are obviously the same. Therefore, we look to cases considering when multiple prosecutions under the same statute violate double jeopardy.

Coincidentally, *Blockburger* also addressed this situation, where the offenses claimed to be identical are based on the same statutory violation. In *Blockburger,* the defendant was charged with violating provisions of the Harrison Narcotic Act, 26 U.S.C. § 692. *Blockburger,* 284 U.S. at 300, 52 S.Ct. at 180, 76 L.Ed. at 307. He was indicted on five charges and the jury returned a guilty verdict on the second, third, and fifth counts. *Id.* The second count charged a sale of ten grains of morphine on a specified day not in or from the original stamped package in violation of the act. *Id.* at 301, 52 S.Ct. at 181, 76 L.Ed. at 308. The third count charged a sale to the same person on the following day of eight grains of the drug not in or from the original stamped package. *Id.* The fifth count charged the latter sale as also having been made without a written order as required by the statute. *Id.*

In his appeal, the defendant raised several arguments, including a claim that "the two sales charged in the second and third counts as having been made to the same person constitute a single offense." *Id.* In addressing this issue, the Court stated, "[t]he sales charged in the second and third counts, although made to the same person, were distinct and separate sales made at different times." *Id.* The evidence established that shortly after the delivery of the drug from the first sale, payment was made by the purchaser for the additional quantity to be delivered on the following day. *Id.* Nevertheless, the Court concluded that the first sale had been consummated, and, regardless of how closely the payment for the second sale followed, the payment was the initiation of a separate and distinct sale completed by delivery. *Id.*

The Court rejected the defendant's argument that delivery of the first sale and payment for the second sale within a short interval to the same purchaser constituted a single continuing offense. *Id.* at 301–02, 52 S.Ct. at 181, 76 L.Ed. at 308. The Court distinguished the transactions there from an offense, which was continuous in nature, such as cohabiting with more than one woman. *Id.* at 302, 52 S.Ct. at 181, 76 L.Ed. at 308 (citing *Ex parte Snow,* 120 U.S. 274, 7 S.Ct. 556, 30 L.Ed. 658 (1887)). The Court noted that, "[t]he Narcotic Act did not create the offense of engaging in the business of selling the forbidden drugs, but penalizes any sale made in the absence of . . . the qualifying requirements." *Id.* The test, stated the Court, "is whether the individual acts are prohibited, or the course of action which they constitute. *If the former, then each act is punishable separately* . . . . If the latter, there can be but one penalty." *Id.* (emphasis added).

Thus, *Blockburger* requires that the statute at issue be construed to determine the nature of the offense: whether it is accomplished by a single act, allowing for multiple charges upon repetition of the proscribed act, or whether it is of a continuous nature, such that it is the course of

conduct which is punishable. We turn now to the theft crime at issue here.

### III. *Nature of Theft Offense.*

■ The defendant was prosecuted under Iowa Code section 714.1(4). Section 714.1 defines the crime of theft, and subsection (4) is one alternative under which a person may be charged. This alternative states that a person commits theft when the person

> [e]xercises control over stolen property, knowing such property to have been stolen, or having reasonable cause to believe that such property has been stolen, unless the person's purpose is to promptly restore it to the owner or to deliver it to an appropriate public officer.

Iowa Code § 714.1(4).

This court has already determined that theft, as defined in section 714.1(4), is not a continuous offense having an ongoing duration, but rather the offense is completed with a single act. *See State v. Hippler,* 545 N.W.2d 568, 572 (Iowa 1996). The defendant attempts to distinguish this case, arguing that it did not involve a double jeopardy claim. This distinction, however, provides no basis upon which to reject the analysis in *Hippler.*

In *Hippler,* the defendant was charged with violating Iowa Code section 707.8(1) (1993), which provides that "[a] person who terminates a human pregnancy without the consent of the pregnant person *during the commission of a felony* or felonious assault is guilty of a class 'B' felony." *Id.* at 569 (emphasis added). The defendant had allegedly stolen a vehicle the previous week and then was involved in an accident that resulted in injuries to a third person and the subsequent termination of her pregnancy. *Id.* In charging the defendant with a violation of section 707.8(1), the State argued that "exercising control over a stolen vehicle was a continuing, ongoing felonious act," such that the felony was still occurring at the time of the accident. *Id.* at 570.

Relying on cases from other jurisdictions that have considered this issue in the context of a statute-of-limitations problem, we considered whether the theft statute expressly stated that theft was a continuing offense, or whether the nature of the crime compelled such a conclusion. *Id.* at 572. We concluded that theft was not expressly made a continuing offense in the statute and the nature of the crime did not otherwise compel a presumption that the legislature intended that the offense be a continuing one. *Id.*

The defendant has offered no reason to reject our analysis in *Hippler* other than the fact that the *Hippler* case did not involve a double jeopardy claim. But there is nothing in the *Hippler* analysis that makes it inappropriate in the present case. We are dealing here with the same fundamental issue of statutory interpretation that we faced in *Hippler*: did the legislature define theft as a continuing offense or as a crime that is complete with a single act? Because the issues in *Hippler* and here are identical, we conclude that *Hippler* is dispositive. The crime of exercising control over stolen property is not a continuing offense for double jeopardy purposes. Therefore, section 714.1(4) does not proscribe a course of conduct encompassing a series of acts, but rather prohibits a single act of possession of stolen property.

### IV. *Were the Three Charges Based on Separate Criminal Acts?*

Having concluded that theft is not a continuing offense, we must now examine the charges to decide whether they involve different individual acts. Even though the charges allege the *same kind* of conduct, so long as they are not based on the *same* conduct, no double jeopardy problem is presented. *See United States v. Easley,* 927 F.2d 1442, 1451–52 (8th Cir.1991); *see also United States v. Patterson,* 20 F.3d 801, 805 (8th Cir.1994) (stating that inquiry

is whether each charge requires proof of a fact that the other did not).

We dealt with a similar issue in *City of Cedar Falls v. Flett*, 330 N.W.2d 251 (Iowa 1983). In *Flett*, the defendant was convicted of twenty-three separate violations of a city ordinance making it a nuisance to store junk vehicles within city limits. 330 N.W.2d at 257. The defendant argued he was subjected to double jeopardy "because he was convicted and sentenced for twenty-three violations of the ordinance as a result of one decision not to remove his cars." *Id.* In upholding the defendant's convictions, we stated: " '[A] conviction and sentence on one charge is a bar to judgment upon another only if the evidence required to support a conviction on one would suffice to warrant a conviction on the other.' " *Id.* (quoting *State v. Birkestrand*, 239 N.W.2d 353, 364 (Iowa 1976)). We concluded in *Flett* that, "[a]lthough defendant's possession of the vehicles was a single act, the possession of each vehicle is a separate offense because each vehicle has individual defects *that require separate evidence to prove each is defective within the ordinance.*" *Id.* (emphasis added).

We now examine the evidence the State must have to support a conviction on the three theft charges it filed. The State must prove that the property described in each charge was stolen. *See* Iowa Code § 714.1(4) (defining the crime as exercising control over *"stolen* property" (emphasis added)). To do so, the State must present evidence of the legal ownership and subsequent unauthorized deprivation of each article to establish its stolen nature. Evidence that the pet supplies were stolen does not establish that the Notre Dame jacket or the tires and wheels were stolen and vice versa. In addition, the stolen nature of the described property rests on separate thefts from different victims at different times and at different locations. Accordingly, the remaining theft charges require proof of facts that are different than those facts proved in the first prosecution.

In summary, the three theft charges, although based on the *same kind* of conduct, are not based on the *same* conduct. Therefore, there is no double jeopardy violation.

## V. *Disposition.*

The trial court erred in granting the defendant's motion to dismiss the second and third theft charges on double jeopardy grounds. Therefore, we reverse and remand for trial on these charges.

**REVERSED AND REMANDED.**

All justices concur except CARTER, J., who takes no part.