MANSFIELD, Justice
(dissenting).
I respectfully dissent and would affirm the district court.
The Double Jeopardy Clause of the United States Constitution provides that no person shall “be subject for the same offence to be twice put in jeopardy of life or limb.” U.S. Const, amend. V. In this case, Christopher Lindell was originally charged with stalking A.C. based on a number of incidents that occurred during the June-August 2010 time period. “Stalking” involves a “course of conduct,” in other words, “two or more occasions” of *14 “maintaining a visual or physical proximity to a person without legitimate purpose or ... conveying oral or written threats, threats implied by conduct, or a combination thereof, directed at or toward a person” that “induce[] fear in the specific person of bodily injury to, or the death of, the specific person.” See Iowa Code § 708.11 (2009). On December 15, 2010, Lindell pled guilty to that charge of stalking.
Lindell subsequently put himself in proximity to A.C. again on January 25, 2011. The State charged Lindell with stalking once more and attempted to use the June-August 2010 incidents plus the single January 25, 2011 incident as the basis for the new charge.
I believe the district court correctly concluded that this would amount to a double jeopardy violation. Stalking requires a course of conduct, but there was no second course of conduct — only a single new incident of harassment. Ask this question: Assuming no earlier criminal case, could the State have prosecuted Lindell after January 25, 2011, for two separate counts of stalking — one consisting of the events from June 2010-August 2010 and the other consisting of the events from June 2010-August 2010 plus the January 25, 2011 incident? I think the answer is clearly no. Accordingly, the Double Jeopardy Clause bars the successive prosecutions here. See Brown v. Ohio, 432 U.S. 161, 166, 97 S.Ct. 2221, 2226, 53 L.Ed.2d 187, 194-95 (1977).
Brown seems to me the controlling precedent. In that case, the defendant stole a car in East Cleveland on November 29. Id. at 162, 97 S.Ct. at 2223, 53 L.Ed.2d at 192. He was caught driving that car in Wickliffe on December 8. Id. After being apprehended in Wickliffe, the defendant was charged with “joyriding” (taking or operating the car without the owner’s consent) “on or about December 8,” and pled guilty. Id. at 162, 97 S.Ct. at 2224, 53 L.Ed.2d at 192. Later, he was returned to East Cleveland. Id. There he was charged with and pled guilty to a theft of the car “on or about the 29th day of November.” Id. at 163, 97 S.Ct. at 2224, 53 L.Ed.2d at 192. The Supreme Court held the defendant’s double jeopardy objection to the second prosecution should have been sustained. The Court explained:
After correctly holding that joyriding and auto theft are the same offense under the Double Jeopardy Clause, the Ohio Court of Appeals nevertheless concluded that Nathaniel Brown could be convicted of both crimes because the charges against him focused on different parts of his 9-day joyride. We hold a different view. The Double Jeopardy Clause is not such a fragile guarantee that prosecutors can avoid its limitations by the simple expedient of dividing a single crime into a series of temporal or spatial units. The applicable Ohio statutes, as written and as construed in this case, make the theft and operation of a single car a single offense. Although the Wickliffe and East Cleveland authorities may have had different perspectives on Brown’s offense, it was still only one offense under Ohio law. Accordingly, the specification of different dates in the two charges on which Brown was convicted cannot alter the fact that he was placed twice in jeopardy for the same offense in violation of the Fifth and Fourteenth Amendments.
Id. at 169-70, 97 S.Ct. at 2227, 53 L.Ed.2d at 196-97 (citations omitted). In a footnote, the Court acknowledged, “We would have a different case if the Ohio Legislature had provided that joyriding is a separate offense for each day in which a motor vehicle is operated without the owner’s consent.” Id. at 170 n. 8, 97 S.Ct. at 2227 n. 8, 53 L.Ed.2d at 196 n. 8.
*15 I think we have the same situation here. Iowa requires a course of conduct for a stalking conviction, consisting of two' or more incidents. But just as there was only one joyride/theft in Brown, regardless of the fact that the two prosecutions focused on different time periods, there was only one course of conduct here. The incident that triggered Lindell’s second prosecution did not amount to a course of conduct in itself and had to be tacked onto the earlier course of conduct for which Lindell had already been prosecuted and pled guilty.
The out-of-state stalking cases relied on by the majority are generally distinguishable because the second prosecution involved an entirely separate course of conduct that had not been the subject of a prior criminal prosecution. Those courts rightly concluded that merely admitting evidence of the previously prosecuted conduct did not violate double jeopardy principles, so long as there was sufficient unpro-secuted conduct to support the new charges. See Mims v. State, 816 So.2d 509, 516 (Ala.Crim.App.2001) (concluding that “no evidence was offered to prove any specific prior prosecution or conviction” and “the prosecution presented far more evidence of a course of conduct establishing the appellant’s following and harassing White than the evidence the appellant complains of here”); Daker v. State, 248 Ga.App. 657, 548 S.E.2d 854, 857 (2001) (“Daker was prosecuted for altogether different incidents in Cobb County. The fact that evidence of the Fulton County incidents was admitted during the Cobb County trial does not change the result.”); Commonwealth v. Roefaro, 456 Pa.Super. 588, 691 A.2d 472, 474-75 (1997) (“[Ajppel-lant was twice tried and convicted for actions arising out of separate and distinct factual predicates.”); see also Snow v. State, 216 P.3d 505, 511 (Wyo.2009) (finding no double jeopardy bar to simultaneous prosecution and convictions of the defendant for both violating a protection order and stalking, because the former was not a lesser-included offense of the latter). This case is different because the new conduct is sufficient only when combined with the prior conduct for which Lindell had already been prosecuted.[3]
As noted by my colleagues, an Idaho case seems to indicate that the circumstances here would amount to a double jeopardy violation. See State v. Stewart, 149 Idaho 383, 234 P.3d 707, 713 (2010). But it is not a loner. In State v. Fox, the North Carolina Court of Appeals confronted the situation where the defendant had previously been convicted of stalking for a February-March 2009 series of incidents. *16 See 721 S.E.2d 673, 674 (N.C.Ct.App.2011). He then was prosecuted again for stalking based on the incidents from February 2009-March 2009 plus subsequent events. Id. at 676-77. The court vacated the second conviction on double jeopardy grounds. Id. at 678. Similarly, in People v. Herron, 251 P.3d 1190 (Colo.App.2010), the Colorado Court of Appeals said:
Thus, for defendant to be convicted of stalking, he had to have followed, approached, contacted, or surveiled Ms. R on at least two occasions. To be convicted of a second stalking offense, he would have had to so act, in a separate transaction that is factually distinct from the first, on at least two more occasions.
Herron, 251 P.3d at 1194; see also Vazquez v. State, 953 So.2d 569, 571 (Fla.Dist.Ct.App.2007) (vacating a second stalking conviction on double jeopardy grounds where “[t]he charging document for the simple stalking charge on which appellant was previously convicted alleges that on November 18 and 19, 2002, appellant ‘repeatedly telephone [sic], harassed, and threatened Ms. Atencio’ ” and the second information alleged that “ ‘between 11 — 16— 02 and 12-4-02’ appellant ‘did knowingly, willfully, maliciously, and repeatedly follow or harass’ ” Ms. Atencio); Eichelberger v. State, 949 So.2d 358, 361 (Fla.Dist.Ct.App.2007) (finding a second stalking prosecution violated the Double Jeopardy Clause where the state “did not allege or establish the end of one course of conduct and the start of a new course of conduct”); Peckinpaugh v. State, 743 N.E.2d 1238, 1241 (Ind.Ct.App.2001) (“[I]n Indiana, a defendant may be convicted of separate counts of stalking the same victim if the respective series of incidents upon which the charges are based can be divided into distinct and separate series.”); People v. White, 212 Mich.App. 298, 536 N.W.2d 876, 881-82 (1995) (finding no double jeopardy violation where the defendant “pleaded guilty of two separate episodes of stalking,” each involving two or more acts); State v. Vigil, 65 S.W.3d 26, 35-36 (Tenn.Crim.App.2001) (barring a second stalking prosecution on double jeopardy grounds and noting that “[f]rom the record before us, there is no indication that an event occurred before the February 18, 1997 incident to break the continuous course of conduct that constituted the stalking offense as charged in Case No. 23386, which covered the events from February 1996 to January 1997”).
My colleagues discuss State v. Schmitz, which I agree is a relevant precedent. See 610 N.W.2d 514 (Iowa 2000). However, contrary to my colleagues, I believe Schmitz supports a finding of double jeopardy here. In Schmitz, the defendant was charged with three counts of theft. Id. at 515. Each count was based on the defendant’s possession of a separate item (an aquarium, a jacket, and four wheels/tires) that had been stolen from a different location at a different time. Id. The thefts had occurred seven to ten months apart. Id. In finding no double jeopardy violation, we emphasized that theft is not a “continuing offense” based on a “course of conduct,” and that each theft charge against Schmitz required different “proof of facts.” Id. at 517-18. Those factors cut the other way here. Stalking is a course of conduct offense, and to prove stalking in the present case the State must use conduct that it already used to convict Lindell of stalking.
If the legislature wanted to relieve the State from the burden of having to prove a second course of conduct in order to obtain a second stalking conviction, it could have defined the offense in the same way Ohio has done, as including a prior stalking conviction, plus just one new incident of harassment. See Ohio Rev.Code Ann. § 2903.211(D)(1) (West, Westlaw through 2012 laws and statewide issues of the 129th *17 GA (2011-2012)). Our general assembly did not do this. We must consider “[w]hat [the legislature] has made the allowable unit of prosecution.” Bell v. United States, 349 U.S. 81, 81, 75 S.Ct. 620, 621, 99 L.Ed. 905, 909 (1955) (citation and internal quotation marks omitted).
In sum, the Double Jeopardy Clause prohibits the State from using the same conduct as all or part of the basis for two convictions of the same offense. By way of analogy, suppose an individual works at an office where cash is kept in a locked drawer. She opens the drawer and steals $750 on May 1, and then opens the drawer and steals $500 on May 2. By the majority’s logic, she could be convicted of third-degree theft (property exceeding $500) for the May 1 theft and then later be convicted of second-degree theft (property exceeding $1000) for the May 1/May 2 combined theft. See Iowa Code §§ 714.2(2)-(3), .3. Similar to the foregoing scenario, the majority opinion results in Lindell’s being “twice put in jeopardy” for his actions from June 2010 through August 2010. See U.S. Const, amend. V. I believe this violates the Fifth and Fourteenth Amendments to the United States Constitution.
For the foregoing reasons, I respectfully dissent.
CADY, C.J., and APPEL, J., join this opinion.

. United States v. Felix, also cited by the majority, is distinguishable on the same grounds. See 503 U.S. 378, 112 S.Ct. 1377, 118 L.Ed.2d 25 (1992). In that case, the defendant engaged in separate methamphetamine manufacturing activities in Oklahoma and later in Missouri. Id. at 380, 112 S.Ct. at 1379-80, 118 L.Ed.2d at 30. When the defendant was prosecuted for the Missouri conduct, ”[i]n order to establish Felix’s criminal intent with respect to the items delivered in Missouri, the Government introduced evidence that Felix had manufactured methamphetamine in Oklahoma earlier in 1987.” Id. at 381, 112 S.Ct. at 1380, 118 L.Ed.2d at 31. The government subsequently prosecuted the defendant for the Oklahoma activity as well. Id. at 382, 112 S.Ct. at 1380, 118 L.Ed.2d at 31. The United States Supreme Court found no double jeopardy violation arising out of the Oklahoma prosecution because "[a]t the Missouri trial, the Government did not in any way prosecute Felix for the Oklahoma methamphetamine transactions; it simply introduced those transactions as prior acts evidence under Rule 404(b).” Id. at 387, 112 S.Ct. at 1383, 118 L.Ed.2d at 34. Here, by contrast, the June 2010-August 2010 conduct was a necessary component of the second stalking charge; it was not merely going to be evidence of the defendant’s intent under Iowa Rule of Evidence 5.404(fc).