# IN THE COURT OF APPEALS OF IOWA

No. 16-0359
Filed September 13, 2017

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**ISIAC JOSEPH BROWN,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Woodbury County, Jeffrey L.
Poulson, Judge.


        Isiac Brown appeals his conviction and sentence for second-degree theft
as a habitual offender. **CONVICTION AND JUDGMENT AFFIRMED,
SENTENCE VACATED IN PART AND REMANDED.**


        Rees Conrad Douglas, Sioux City, for appellant.

        Thomas J. Miller, Attorney General, and Benjamin M. Parrott, Assistant
Attorney General, for appellee.


        Considered by Vaitheswaran, P.J., and Tabor and Mullins, JJ.

**VAITHESWARAN, Presiding Judge.**

Isiac Brown appeals his conviction and sentence for second-degree theft as an habitual offender.[1] He contends (1) the district court erred in finding sufficient evidence to support a conviction for second-degree theft, (2) the evidence was insufficient to support the habitual-offender enhancement, (3) his trial attorney was ineffective in failing to protect a claimed right to a jury trial on the sentencing enhancement, and (4) the sentence imposed was partially illegal.

## I.     *Sufficiency of the Evidence—Second-Degree Theft*

The State charged Brown with theft under Iowa Code section 714.1(4) (2015). Section 714.1(4) states a person commits theft when the person:

> 4. Exercises control over stolen property, knowing such property to have been stolen, or having reasonable cause to believe that such property has been stolen, unless the person's purpose is to promptly restore it to the owner or to deliver it to an appropriate public officer.

Brown waived his right to a jury trial and was tried to the district court. The court broke down the crime into the following elements:

> 1. An automobile and other personal property was stolen.
> 2. On or about the 22nd day of September, 2015, the defendant exercised control over the property.
> 3. At the time, the defendant knew the property had been stolen.
> 4. The defendant did not intend to promptly return it to the owner or to deliver it to an appropriate public officer.

*See* Iowa Crim. J. Inst. 1400.13. The court made the following pertinent fact findings:

> Joe Trudell . . . was hospitalized for surgery, and when he returned home, his vehicle was missing. After reporting the missing vehicle . . . , Isiac Brown returned the vehicle. Isiac told Joe Trudell

---

[1] Brown also was found guilty of possession of a controlled substance (marijuana).

that he thought the car belonged to [Trudell's roommate], who had given him permission to drive the car.

 Joe Trudell informed Isiac the car was his and [his roommate] had no authority to use the car or to lend it to Isiac. . . .

 One week later . . . , Joe Trudell returned home from a doctor appointment and found his car was again missing and his house had been burglarized. Two TVs, a PlayStation, and other personal property, including an SOG folding knife were taken.

 . . . [T]he car was found in an alley . . . .

 . . . Brown was found reclined in the driver's seat . . . .

 . . . [H]e was found to be in possession of the SOG knife, which was taken in the burglary. . . .

 . . . Inside [the trunk] were some of the items stolen in the burglary [and] personal property . . . belonging to Isiac Brown . . . .

Based on these findings, the court determined:

[O]n or about the 21st day of September, 2015, an automobile and other personal property was stolen from Joe Trudell; that on or about the 22nd day of September, [Brown] exercised control over the property; and that at that time [he] knew the property had been stolen and that he did not intend to promptly return it to Joe Trudell or to an appropriate public officer.

Brown focuses on the State's proof of intent. He asserts, "Where proof of intent to deprive an owner permanently of the property has not been shown, a conviction under Iowa Code section 71[4].1(4) is invalid." The State responds that "intent to deprive" is not an element of section 714.1(4); it is an element of section 714.1(1), which defines theft as taking "possession or control of the property of another, or property in the possession of another, with the intent to deprive the other thereof." *See State v. Schminkey*, 597 N.W.2d 785, 789 (Iowa 1999) ("Schminkey correctly argues that an intent to permanently deprive the owner of his property is an essential element of theft under section 714.1(1).").

The State is correct. Brown was not charged under section 714.1(1) but under section 714.1(4). Section 714.1(1) "necessarily encompasses" exercising control over stolen property. *State v. Washington*, 356 N.W.2d 192, 195 (Iowa

1984); *accord State v. Conger*, 434 N.W.2d 406, 409-10 (Iowa Ct. App. 1988) ("A person cannot commit theft by taking without also exercising control over the property . . . ."). But the converse is not necessarily true. A person could exercise control over stolen property without intending to permanently deprive the person of that property. Unlike section 714.1(1), section 714.1(4) simply requires a showing that Brown knew the property was stolen when he exercised control over it and he did not intend to promptly restore it. Intent to permanently deprive the owner of the property is not an element of section 714.1(4). *Cf. State v. Overton*, No. 16-1301, 2017 WL 2665257, at *4 (Iowa Ct. App. June 21, 2017) (finding factual basis for both alternatives but finding proof of the "exercising control" alternative simply from the defendant's admission he drove a vehicle he stole from a dealership). This court clarified the distinction in *State v. Conger*:

> Subparagraph (1) is relevant if the person took the property with the intent to deprive the owner thereof. Subparagraph (4) involves the person who exercises control over the stolen property, that is one who has the property at some point beyond the initial taking. . . . The legislature has determined that both situations are worthy of criminal sanctions. These two alternatives are not inconsistent or repugnant in that they represent different points of time within one crime.

434 N.W.2d at 409-10; *accord State v. Hershberger*, 534 N.W.2d 464, 466 (Iowa Ct. App. 1995) (concluding thefts under sections 714.1(1) and (4) "are alternative means of committing the offense").

In Brown's case, Iowa lacked jurisdiction to prosecute the taking of the vehicle and other property because Trudell's apartment was located across the border in Nebraska. But Brown was later found in Iowa with the property, leading to a charge only under the "exercising control" alternative of theft.

As the district court determined, the State proved the intent element of section 714.1(4).  Joe Trudell told Brown the car belonged to him.  Despite this knowledge, Brown exercised control over the car.  He also exercised control over other items belonging to Trudell.  He declined to disclose the precise location of the personal items and did not return the car to Trudell when he was discovered inside it.  Substantial evidence supports the district court's findings and determination.  *See State v. Jorgensen*, 758 N.W.2d 830, 834 (Iowa 2008).

## II.      *Sufficiency of the Evidence—Habitual Offender*

In a pro se brief, Brown argues "he is not an habitual offender because his criminal history is insufficient."  His argument relates to a prior conviction in Kansas.  The State responds with an error preservation concern.  Relying on Iowa Rule of Criminal Procedure 2.19(9), the State argues objections other than those concerning identity must be raised prior to trial.

We are not persuaded by the State's argument.  Rule 2.19(9), addressing "trial of questions involving prior convictions," states in pertinent part:

> If the offender denies being the person previously convicted, sentence shall be postponed for such time as to permit a trial before a jury on the issue of the offender's identity with the person previously convicted. Other objections shall be heard and determined by the court, and these other objections shall be asserted prior to trial of the substantive offense in the manner presented in rule 2.11.

The Iowa Supreme Court recently stated the "[o]ther objections" "would include any objection that the prior convictions cannot be used because the offender was not represented by counsel and did not waive counsel." *State v. Harrington*, 893 N.W.2d 36, 47 (Iowa 2017), *as amended* (June 14, 2017).  Brown is not challenging these aspects of the prior convictions; he is challenging the

sufficiency of the evidence supporting the prior Kansas conviction. He argues the State "failed to provide the courts with the adequate charging documents required to prove [his] criminal history" as to this conviction. He may raise the sufficiency argument notwithstanding his failure to file "other objections" prior to trial. *See State v. Petithory*, 702 N.W.2d 854, 856 (Iowa 2005) ("Unlike a jury trial, in a bench trial the defendant is *not* required to move for a judgment of acquittal to preserve error on a sufficiency of the evidence claim."); *cf. Harrington*, 893 N.W.2d at 43 ("[O]ffenders in a habitual offender proceeding must preserve error in any deficiencies in the proceeding by filing a motion in arrest of judgment," but applying the rule prospectively only). We proceed to the merits of this argument.

The State proved the Kansas conviction by introducing docket entries, a certification of time served, and a record certification from a Kansas court. A fingerprint analyst testified the fingerprints taken in connection with the Kansas matter matched the fingerprints in this matter. We find sufficient evidence to support the Kansas conviction.

### III.    *Right to Jury Trial on Enhancement*

Brown argues he "was denied the right to a jury trial on the habitual offender enhancement" or, in the alternative, his trial attorney rendered ineffective assistance in failing to protect his right to a jury trial. The State argues Brown's waiver of his right to a jury trial on the theft charge was effectively a waiver of jury trial on the habitual offender enhancement.

Brown did not raise this issue in the district court and, indeed, proceeded to the habitual offender phase of the trial without comment. We question whether

he preserved error. However, we will bypass this error preservation concern and will proceed to the merits. *See State v. Taylor*, 596 N.W.2d 55, 56 (Iowa 1999).

There is no question Brown was entitled to a jury trial on the habitual offender enhancement. *See* Iowa R. Crim. P. 2.19(9) ("If the offender denies being the person previously convicted, sentence shall be postponed for such time as to permit a *trial before a jury* on the issue of the offender's identity with the person previously convicted." (emphasis added)). There is also no question that "[c]ases required to be tried by jury shall be so tried unless the defendant voluntarily and intelligently waives a jury trial." Iowa R. Crim. P. 2.17(1). The question here is whether Brown's general waiver of his right to a jury trial was adequate.

In *Harrington*, the Iowa Supreme Court addressed procedures associated with a habitual offender admission proceeding. 893 N.W.2d at 45. In that context, the court stated "the voluntary-and-intelligent standard for admitting to prior convictions in a habitual offender proceeding should follow the same protocol" as the protocol in guilty-plea proceedings. *Id.* In pertinent part, the court stated:

> [T]he court must inform the offender of the trial rights enumerated in Iowa Rule of Criminal Procedure 2.8(2)(*b*)(4). . . . [T]he right to a jury in the second trial only pertains to the issue of identity. Any claim by the offender that he or she was not represented by counsel and did not waive counsel in the prior convictions is heard and decided by the district court. Although the offender has no right to a jury trial on these issues, the other rights associated with a trial are applicable at the hearing before the court.

*Id.* at 46; *cf. id.* at 51 (Mansfield, J., dissenting) ("Rule 2.19(9) . . . . does not require the defendant to be told of the right to a jury trial on the prior convictions.

After all, the defendant has just been through a jury trial and should have a good understanding of what that entails.").

We are not dealing with a habitual offender admission proceeding but a habitual offender denial proceeding, in which the State is put to its proof on the prior convictions. For that reason, *Harrington* is not directly on point. In the absence of controlling authority mandating an express waiver of a jury trial in the habitual offender phase, we conclude a general waiver such as the one Brown executed suffices.

Brown's waiver document stated, "I waive my right to have *this case* tried by jury and agree that it will be tried to the court." (Emphasis added.) We conclude "this case" included the habitual offender proceeding. Having executed this waiver, Brown was not entitled to a jury trial in connection with the habitual offender proceeding.

## IV. *Illegal Sentence*

On the theft count, the district court sentenced Brown to a prison term not exceeding fifteen years with a mandatory minimum of three years, a fine of $1000, and a thirty-five percent surcharge. Brown argues the district court's imposition of a fine and surcharge was illegal. The State concedes error. *See* Iowa Code §§ 902.9(1)(c) (not providing for a fine for habitual offenders), 902.9(1)(e) (stating the maximum sentence for a class "D" felon who is *not a habitual offender* may include a fine), 911.1(1) (requiring the imposition of a thirty-five percent surcharge "when a court imposes a fine"). We vacate the fine and surcharge on the theft sentence and remand for entry of a corrected sentencing order.

We affirm Brown's conviction and judgment on the theft and possession counts. We vacate the fine and surcharge on the theft count and remand for entry of a new sentencing order on that count.

**CONVICTION AND JUDGMENT AFFIRMED, SENTENCE VACATED IN PART AND REMANDED.**

Mullins, J., concurs; Tabor, J., concurs specially.

**TABOR, Judge** (concurring specially).

I agree with the majority's resolution of all the issues, including the sufficiency of the evidence for theft in the second degree. I write separately because I respectfully disagree with how the majority portrays the proof necessary to convict Brown of exercising control over stolen property.

Contrary to the majority's analysis, it was not enough for the State to show Brown knew the car belonged to Trudell and, despite that knowledge, Brown exercised control over it. The State had the additional burden to prove the property described in the trial information was "stolen." *See* Iowa Code § 714.1(4) (2015). To do so, the State was required to "present evidence of the legal ownership and *subsequent unauthorized deprivation*" of the property "to establish its stolen nature." *See State v. Schmitz*, 610 N.W.2d 514, 518 (Iowa 2000) (emphasis added). The State also was required to prove Brown knew or had reasonable cause to believe the property was stolen. *See State v. McVey*, 376 N.W.2d 585, 586 (Iowa 1985).

A car is not considered stolen unless the taker intends to permanently deprive the owner of it. *See State v. Schminkey*, 597 N.W.2d 785, 789 (Iowa 1999). If Brown had just been joyriding in Trudell's car, the car would not have been stolen property. *See* Iowa Code § 714.7; *Schminkey*, 597 N.W.2d at 791 (explaining "mere fact" defendant took pickup without owner's consent did not give rise to inference of theft). So accordingly, while Brown's intent to permanently deprive is not a strict element of exercising control over stolen property, the State cannot prove the property was stolen without showing *someone* intended to forever deprive the owner of the property.

My concern is that under the majority's formulation of the proof necessary to convict Brown, the State could opt to charge every joyriding incident as exercising control over stolen property under section 714.1(4) rather than by taking under section 714.1(1) and thereby avoid its obligation to show any deprivation of the owner's right to the property. In that scenario, operating without the owner's consent under section 714.7 would always be theft, regardless of the taker's intent. That eventuality would be contrary to the aim of the legislature in drafting the various definitions of theft in section 714.1. In my view, we must hold the State to its burden to prove Trudell's car was stolen, which can only be done here by establishing Brown had the intent to permanently deprive Trudell of his property when Brown took the car in Nebraska.

When applying that more exacting burden, I believe the district court was still correct in finding the State offered substantial evidence to prove the car was stolen. First, Brown had previously taken Trudell's car without permission, and Trudell had made his ownership clear after that earlier "misunderstanding." Second, Brown disposed of property stolen from Trudell's house, in addition to driving Trudell's car into Iowa and parking it in a back alley out of sight. Given these facts, I agree we can uphold Brown's theft conviction.